United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANNE CAMERON CAIN, et al.,

    Plaintiffs,

v.

TWITTER INC.,

    Defendant.

Case No.17-cv-02506-JD

**ORDER RE MOTION TO DISMISS**

Re: Dkt. No. 53

Plaintiffs lost family members in terrorist attacks by the Islamic State of Iraq and Syria ("ISIS") in Europe. Plaintiffs allege that defendant Twitter, Inc. ("Twitter") facilitated terrorism by giving ISIS a platform for recruiting members, planning attacks, and similar purposes. The First Amended Complaint ("FAC") alleges claims under the Anti-Terrorism Act, 18 U.S.C. § 2333 ("ATA") (claims one through four) and state law (claims five through six). Dkt. No. 15. Twitter moves to dismiss the FAC under Federal Rule of Procedure 12(b)(6). Dkt. No. 53.

This case involves heartbreaking losses caused by despicable acts of terrorism. The Court can only imagine the grief plaintiffs must feel, and fully appreciates their desire to bring the responsible parties to justice. It is now clear, however, that social media platforms like Twitter are not liable under the ATA on the facts alleged. Consequently, the ATA claims are dismissed, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

**BACKGROUND**

As alleged in the FAC, plaintiffs' family members were killed in large-scale terrorist attacks that occurred in Europe in 2015 and 2016. ISIS claimed responsibility for the attacks. Dkt. No. 15 ¶¶ 478-79, 496. The likely perpetrators, and many other individuals affiliated with ISIS, posted messages on Twitter accounts about the attacks along with other pro-ISIS content. *See, e.g.*, *id.* ¶¶ 359-78, 478-506. ISIS used Twitter to proselytize, recruit members, raise funds, and plan various terrorist attacks. *See, e.g.*, *id.* ¶¶ 197-300. Twitter knew about this activity but

made minimal and largely ineffective efforts to curtail it. *Id.* ¶¶ 559-83. Plaintiffs' ATA claims allege that Twitter supported, and aided and abetted, a designated terrorist organization.

**LEGAL STANDARDS**

To meet the pleading requirements of Rule 8(a) and withstand a Rule 12(b)(6) motion to dismiss, a claim must provide "a short and plain statement . . . showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim . . . that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if, accepting all factual allegations as true and construing them in the light most favorable to the plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct alleged. *Brickman v. Fitbit, Inc.*, No. 15-CV-02077-JD, 2016 WL 3844327, at *2 (N.D. Cal. July 15, 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). But the Court will not treat as fact or accept as true allegations that are bare legal conclusions, recitations of elements or unwarranted deductions. *Id.* (citing *Iqbal*, 556 U.S. at 678 and *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)). The plausibility analysis is "context-specific" and not only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**DISCUSSION**

**I.  THE ATA DIRECT LIABILITY CLAIMS**

The ATA grants any "national of the United States" a cause of action against terrorists and those who aid and abet them. 18 U.S.C. § 2333(a). To state a direct ATA claim, plaintiffs must plausibly allege that their injuries were "by reason of an act of international terrorism" involving Twitter. *Id.*; *Brill v. Chevron Corp.*, No. 15-CV-04916-JD, 2018 WL 3861659, at *1-3 (N.D. Cal. Aug. 14, 2018).

The FAC does not satisfy the causation element in Section 2333(a). As our circuit recently concluded, "by reason of" requires a showing of proximate cause. In defining what that entails for pleading purposes, our circuit rejected the contention, which plaintiffs make here, that the complaint need only allege that defendant's acts "were a substantial factor in the sequence of responsible causation" or that the injury was "reasonably foreseeable or anticipated as a natural

2

consequence." *Fields v. Twitter, Inc.*, 881 F.3d 739, 744 (9th Cir. 2018) (internal quotation and citation omitted). It determined proximate cause under the ATA requires plaintiffs to make "a showing of at least some direct relationship between a defendant's acts and a plaintiff's injuries." *Id.* at 748; *Brill*, 2018 WL 3861659, at *2.

For this reason, the circuit affirmed the dismissal of ATA claims against Twitter that are indistinguishable from plaintiffs' claims here. *Fields* involved ISIS attacks in the Middle East that killed the plaintiffs' family members. Like here, the complaint alleged that Twitter supported ISIS by giving it a platform for fundraising and other "operational purposes." *Fields,* 881 F.3d at 743. The circuit concluded that these general allegations of support were not sufficiently direct to establish that Twitter proximately caused the plaintiffs' injuries. "Communication services and equipment are highly interconnected with modern economic and social life, such that the provision of these services and equipment to terrorists could be expected to cause ripples of harm to flow far beyond the defendant's misconduct." *Id.* at 749. But such ripples, even when foreseeable, do not rise to the level of a direct causal relationship under the ATA. *Id.* at 749-50. Consequently, dismissal was appropriate.

So too, here. The FAC plausibly alleges that ISIS used Twitter to reach new followers, raise funds, and incite violence. *See, e.g.*, Dkt. No. 15 ¶¶ 177-264, 382-91. It also adequately alleges that Twitter knew ISIS-affiliated users were posting these communications, and that it made only minimal efforts to control them. *See, e.g., id.* ¶¶ 321, 548-52.

Nevertheless, the direct relationship link is missing. Most of the allegations are about ISIS's use of Twitter in general. *See, e.g.*, *id.* ¶¶ 197-225. The relatively few allegations involving Twitter that are specific to the attacks that killed plaintiffs' family members also provide little more than generic statements that some of alleged perpetrators of the attacks were "active" Twitter users who used the platform to follow "ISIS-affiliated Twitter accounts" and otherwise "communicate with others." *Id.* ¶¶ 21-22, 359-78. Nothing in the FAC rises to the level of plausibly alleging that plaintiffs were injured "by reason of" Twitter's conduct. Consequently, the direct ATA claims are dismissed.

## II. THE ATA INDIRECT LIABILITY CLAIMS

Plaintiffs' aiding and abetting claims are also insufficient to go forward. These claims arise out of the Justice Against Sponsors of Terrorism Act ("JASTA"), which Congress enacted in 2016 to amend the ATA to impose liability on "any person who aids and abets, by knowingly providing substantial assistance, or who conspires with the person who committed" an act of international terrorism. JASTA § 4, Pub. L. No. 114-222, 130 Stat. 852 (codified at 18 U.S.C. § 2333(d)); *see also Brill*, 2018 WL 3861659, at *3. The statute requires plaintiffs to allege that Twitter "knowingly and substantially assisted in the principal violation," and was "aware that, by assisting the principal, it [was] itself assuming a role in terrorist activities." *Brill*, 2018 WL 3861659, at *3 (citing *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983)). "Simply providing material support to a terrorist organization is not enough" for an aiding and abetting claim. *Id.*

Plaintiffs do not satisfy these requirements. The FAC does not allege that Twitter was "aware" that it was "assuming a role in" the terrorists' attacks in Europe. *See id.* It does not allege that Twitter encouraged ISIS to carry out these attacks or even knew about them before they occurred. At most, the FAC alleges that Twitter should have known ISIS was planning an attack and that it ignored the possible consequences of letting terrorists operate on its platform. *See, e.g.*, Dkt. No. 15 ¶¶ 649-51. That is in effect an allegation of recklessness, but JASTA requires more. Although plaintiffs are correct that Congress referred in its statement of findings and purpose to those who "knowingly *or recklessly* contribute material support or resources" to terrorists, JASTA § 2(a)(6) (emphasis added), the plain language of Section 2333 reaches only those "knowingly providing substantial assistance." 18 U.S.C. § 2333(d)(2). This clear statutory text controls. *See Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976-78 (2016).

The FAC does not state a plausible conspiracy claim either. "The prime distinction between civil conspiracies and aiding-abetting is that a conspiracy involves an agreement to participate in a wrongful activity." *Halberstam*, 705 F.2d at 478. An agreement can be inferred based on the "relationships between the actors and between the actions," such as when "the alleged joint tortfeasors are pursuing the same goal . . . and are in direct contact with each other."

4

*Id.* at 481. "[O]nce the conspiracy has been formed, all its members are liable for injuries caused by acts pursuant to or in furtherance of the conspiracy." *Id.* A co-conspirator "need not even have planned or known about the injurious action . . . so long as the purpose of the tortious action was to advance the overall objective of the conspiracy." *Id.*

Nothing in the FAC establishes an agreement, express or otherwise, between Twitter and ISIS to commit terrorist attacks. Plaintiffs point to Twitter's terms of service that every user is subject to, but while that clearly is an "agreement," it is hardly relevant to a terrorist conspiracy. No other plausible agreement is mentioned in the FAC.

The aiding and abetting and conspiracy claims are dismissed. Because plaintiffs fail to state a claim under the ATA, the Court need not reach Twitter's arguments under the Communications Decency Act, 47 U.S.C. § 230.

## III. THE STATE LAW CLAIMS

The Court declines to exercise supplemental jurisdiction over the state law claims. Plaintiffs assert subject matter jurisdiction on the basis of a federal question, 28 U.S.C. § 1331, and under the ATA's jurisdictional grant, 18 U.S.C. § 2333. Dkt. No. 15 at ¶ 46. Because the federal claims have been dismissed, the Court also may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013).

## CONCLUSION

Plaintiffs may file an amended complaint by **October 15, 2018**, that is consistent with this order. Failure to amend by this date will result in dismissal under Rule 41(b).

**IT IS SO ORDERED.**

Dated: September 24, 2018

JAMES DONATO
United States District Judge

5