1  SETH P. WAXMAN (*pro hac vice*)
   seth.waxman@wilmerhale.com
2  PATRICK J. CAROME (*pro hac vice*)
   patrick.carome@wilmerhale.com
3  ARI HOLTZBLATT (*pro hac vice*)
4  ari.holtzblatt@wilmerhale.com
   WILMER CUTLER PICKERING
5    HALE AND DORR LLP
   1875 Pennsylvania Avenue, NW
6  Washington, D.C. 20006
7  Telephone: (202) 663-6000
   Facsimile: (202) 663-6363
8
   MARK D. FLANAGAN (CA SBN 130303)
9  mark.flanagan@wilmerhale.com
   WILMER CUTLER PICKERING
10   HALE AND DORR LLP
   950 Page Mill Road
11 Palo Alto, California 94304
   Telephone: (650) 858-6000
12 Facsimile: (650) 858-6100

13 *Attorneys for Defendant*
   **TWITTER, INC.**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANNE CAMERON CAIN, BEATRIZ GONZALEZ, JOSE HERNANDEZ, REY GONZALEZ, PAUL GONZALEZ, and REYNALDO GONZALEZ,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER INC.,<br><br>Defendant. | Case No. 3:17-cv-02506-JD<br><br>**TWITTER'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Hearing Date: January 10, 2019, 10:00 a.m.<br><br>Courtroom: 11, 19th Floor<br><br>Judge: Hon. James Donato |

# MEMORANDUM OF POINTS AND AUTHORITIES

This Court made itself clear in its September 24 Order granting Twitter's motion to dismiss: Plaintiffs could either "file an amended complaint by October 15, 2018," or else face "dismissal under Rule 41(b)." Dkt. 89 at 5. Plaintiffs never filed an amended complaint, nor did they otherwise communicate with the Court or Twitter about their intentions for the future of this case. This Court therefore appropriately followed through and dismissed with prejudice under Rule 41(b). Plaintiffs now claim that they were confused about what the Court meant when it said it would dismiss their claims under Rule 41(b) if they did not file an amended complaint, or alternatively that it was somehow unfair for the Court to do so despite that warning. But none of Plaintiffs' arguments pass muster. The Court's order was neither ambiguous nor confusing, and the Court's dismissal with prejudice under Rule 41(b) is consistent with a well-established practice that the Ninth Circuit has repeatedly endorsed and that this Court has repeatedly followed. Plaintiffs' Rule 59 motion should be denied.

# PROCEDURAL BACKGROUND

Twitter moved to dismiss all of Plaintiffs' claims in June 2017, making clear that it sought dismissal "with prejudice." Dkt. 53 at 2. In opposing that motion, Plaintiffs stated that, "[s]hould this Court find Plaintiffs' FAC defective *in any way*, Plaintiff[s] respectfully request[] leave to amend." Dkt. 59 at 15 (emphasis added). When it issued its September 24 Order granting Twitter's motion to dismiss, this Court rejected Twitter's request for dismissal with prejudice and granted Plaintiffs' request for leave to amend. Dkt. 89. But in doing so, this Court set clear guidelines, ordering that "Plaintiffs may file an amended complaint by October 15, 2018," and that "[f]ailure to amend by this date *will* result in dismissal under Rule 41(b)." *Id.* at 5 (emphasis added). Plaintiffs' deadline to amend came and went without any word from Plaintiffs. This Court waited a full week after the October 15, 2018 deadline had passed before doing what it warned it would do: dismissing Plaintiffs' claims "with prejudice pursuant to [Rule] 41(b) for plaintiffs' failure to prosecute." Dkt. 90.

## STANDARD OF REVIEW

Altering or amending a judgment under Rule 59 is "an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (*quoting McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). That extraordinary relief is appropriate only "to correct manifest errors of law or fact," "to present newly discovered or previously unavailable evidence," "to prevent manifest injustice," or to take into account "an intervening change in controlling law." *Allstate*, 634 F.3d at 1111. The decision whether to alter or amend a judgment is committed to the discretion of the district court. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001).

## ARGUMENT

### I. This Court's Intent To Dismiss Under Rule 41(b) Was Clear

This Court's September 24 Order granting Twitter's motion to dismiss made clear that Plaintiffs had until October 15, 2018 to file an amended complaint, and that failure to do so would result in dismissal under Rule 41(b) for failure to prosecute or failure to abide by a court order. Dkt. 89 at 5. Plaintiffs now claim that, despite this Court's direct warning, they misunderstood what would happen if they let the October 15 deadline come and go without either filing an amended complaint or communicating with the Court about their intention not to do so. None of Plaintiffs' explanations for that supposed confusion are reasonable.

Plaintiffs suggest that because the Court said that they "may file" an amended complaint by October 15—rather than "shall file"—they understood the Court's order to have "merely permitted, but not required" them to file an amended complaint. Pls.' Mot. at 5. But that position ignores the very next sentence of the Court's order, which stated definitively that failure to amend by the proscribed date would result in dismissal under Rule 41(b). In other words, if Plaintiffs did not want to have their case dismissed with prejudice under Rule 41(b), they were required to file an amended complaint by October 15, or at the very least communicate to the Court by that date that they were not doing so and request a disposition other than the one specified in the September 24 Order.

Plaintiffs' professed misunderstanding also fails to take account of the context of the Court's September 24 Order. In opposing Twitter's motion to dismiss, Plaintiffs affirmatively requested that the Court give them leave to amend if it found their complaint to be "defective in any way." Dkt. 59 at 15. In light of that request, the Court's statement that Plaintiffs "may" amend their complaint was not offering Plaintiffs an unsolicited opportunity to amend; it was giving them permission to do something that they had already told the Court they wanted to do.

Plaintiffs alternatively claim (at 4-5) that they misunderstood what the Court meant when it said it would dismiss their claims "under Rule 41(b)." But Rule 41(b) is clear. It provides for only one kind of dismissal: dismissal where "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Plaintiffs assert that they understood the Court's reference to Rule 41(b) to refer not to that language but to the second sentence of the Rule. But that is not a reasonable understanding of either Rule 41(b) or the September 24 Order. This Court said that it would dismiss Plaintiffs' claims "*under* Rule 41(b)." Dkt. 89 at 5 (emphasis added). And there is only one kind of dismissal *under* Rule 41(b)—dismissal for failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). The second sentence of Rule 41(b) does not independently authorize dismissal at all. It merely explains that two distinct categories of dismissals—*first*, dismissals "under this subdivision (b)" (*i.e.*, for failure to prosecute or comply with a court order) and, *second*, any dismissals "*not under this rule*" other than those "for lack of jurisdiction, improper venue, or failure to join a party under Rule 19"—will operate as an adjudication on the merits unless the Court provides otherwise. *Id.* (emphasis added). The Court's order, therefore, could have been reasonably understood as referring to only a dismissal for failure to prosecute or comply with a court order.

Plaintiffs also suggest (at 5) that they could not have foreseen this kind of dismissal because the first sentence of Rule 41(b) refers to a motion by the defendant. *See* Fed. R. Civ. P. 41(b) (providing "a defendant may move to dismiss the action or any claim against it"). But the Supreme Court long ago rejected the idea that a motion by defendant is a necessary prerequisite to dismissal for failure to prosecute or abide by a court order: "Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to

Case No. 3:17-cv-02506-JD  3  Twitter's Opposition To Plaintiffs' Motion To Alter Or Amend Judgment

conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). As Plaintiffs concede elsewhere (at 7), courts therefore have discretion to dismiss an action *sua sponte* under Rule 41(b) "to achieve the orderly and expeditious disposition of cases," *Link*, 370 U.S. at 630-31.

Finally, even cursory research into the law surrounding Rule 41(b) dismissals in this context would have quickly dispelled any confusion or misapprehensions about the import of the Court's September 24 Order. As discussed below, *see infra* pp. 4-5, a simple search would have revealed that courts throughout the Ninth Circuit—including this one—regularly issue Rule 41(b) dismissals in precisely these circumstances, and that the Ninth Circuit has consistently approved of that practice. Having failed during the several weeks before the October 15 deadline to conduct even a basic inquiry into this Court's practice or Ninth Circuit law, Plaintiffs should not be permitted to escape this dismissal by claiming confusion.

## II. The Rule 41(b) Dismissal Conformed To Settled Law And Practice

Under well-established Ninth Circuit precedent, when a plaintiff is given an opportunity to amend by a date certain, "[a] plaintiff's inaction in the face of the court's 'ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal.'" *Ndigwe v. Allstate Indemnity Co.*, 710 F. App'x 744, 746 (9th Cir. 2017) (Mem.) (*quoting Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004)). The Ninth Circuit has routinely upheld Rule 41(b) dismissals for failure to prosecute in very similar circumstances. *E.g.*, *Simmonds v. Wells Fargo Bank, N.A.*, 728 F. App'x 746, 747 (9th Cir. 2018) (Mem.) (upholding dismissal for failure to prosecute where plaintiff "failed to file an amended complaint or indicate that she intended to stand by her complaint"); *Harter v. McDaniel*, 692 F. App'x 423 (9th Cir. 2017) (Mem.) ("The district court did not abuse its discretion by dismissing Harter's action for failure to prosecute because Harter was given leave to amend his complaint and he failed to do so."); *Leonichev v. Valley Presbyterian Hosp.*, 160 F. App'x 595, 596 (9th Cir. 2005) (Mem.) (upholding dismissal where

"district court described in detail the complaint's inadequacies and warned Appellants that failure to file an amended complaint would result in dismissal" under Rule 41(b)).

This Court itself has repeatedly issued nearly identical Rule 41(b) dismissals after using nearly identical language in dismissing with leave to amend by a date certain. *See* Order Dismissing Compl. With Leave To Amend at 1, *Wilson v. Mount Diablo Unified Sch. Dist.*, No. 18-cv-3973-JD (N.D. Cal. July 30, 2018), ECF No. 24 ("Plaintiff may file an amended complaint by August 31, 2018. Failure to amend by that date will result in a dismissal with prejudice under [Rule] 41(b)."); *Id.*, 2018 WL 4373056, at *1 (N.D. Cal. Sept. 12, 2018) ("This action is dismissed with prejudice pursuant to [Rule] 41(b) for plaintiff's failure to prosecute."); Am. Order Dismissing Compl. With Leave To Amend at 1, *Dominick v. Harris*, No. 17-CV-04485-JD (N.D. Cal. July 10, 2018), ECF No. 47 ("The complaint is dismissed with leave to file an amended complaint by August 7, 2018. Failure to meet this deadline will result in dismissal of the case with prejudice."); *Id.*, 2018 WL 3861667, at *1 (N.D. Cal. Aug. 14, 2018) ("This case is dismissed with prejudice pursuant to [Rule] 41(b) for plaintiff's failure to prosecute."); *see also Rudio v. Credit Control, LLC*, No. 16-cv-3003-JD, 2018 WL 4772303, at *2 (N.D. Cal. Oct. 1, 2018) ("Rudio may file an amended complaint by October 23, 2018. Failure to amend by that date will result in dismissal under Federal Rule of Procedure 41(b)."); *Shen v. Albany Unified Sch. Dist.*, No. 17-cv-2478-JD, 2018 WL 4053482, at *5 (N.D. Cal. Aug. 24, 2018) ("An amended complaint is due by September 14, 2018. Failure to amend by that date will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).").[1]

Plaintiffs all but ignore the binding Ninth Circuit precedent cited above—arguing (at 10) that those cases are distinguishable because the order granting leave to amend here used the phrase "may file" rather than "shall file." First, as already discussed above (*supra* p. 2), this Court's September 24 Order explained that failure to file an amended complaint by October 15

---

[1] Rule 41(b) dismissals under these circumstances are sometimes referred to as dismissals for failure to prosecute, and sometimes referred to as dismissals for failure to abide by court order. The Ninth Circuit has affirmed both kinds of Rule 41(b) dismissals without drawing any distinction between the two. *Compare Simmonds*, 728 F. App'x at 747 (failure to prosecute) *with Patel v. Wells Fargo Bank, NA*, 539 F. App'x 777, 778 (9th Cir. 2013) (Mem.) (failure to comply with court order).

"*will* result" in dismissal under Rule 41(b). That is no different from saying that Plaintiffs "shall" file an amended complaint or else face dismissal under Rule 41(b). Second, Plaintiffs are wrong to suggest (at 10) that the Ninth Circuit precedents are limited to cases where the order in question explicitly required the plaintiff to file an amended complaint. To the contrary, the Ninth Circuit has affirmed Rule 41(b) dismissals even where the district court's order allowing amendment was significantly *less* definitive than this Court's September 24 Order. *E.g.*, *Ndigwe*, 710 F. App'x at 745 (affirming dismissal where district court gave plaintiff until certain date to file amended complaint and cautioned that failure to do so "may result in this action being dismissed" pursuant to Rule 41(b)); Order Granting Mot. To Dismiss, at 8, *Simmonds*, No. 8:17-cv-337 (C.D. Cal. Apr. 7, 2017), ECF No. 17 (saying only that "Plaintiff may file an amended complaint on or before May 1, 2017" without any reference to Rule 41(b)), *dismissal with prejudice affirmed*, 728 F. App'x 746 (9th Cir. 2018).

Plaintiffs also appear to argue (at 5-6, 10) that—even though the Ninth Circuit has repeatedly affirmed this practice—it was nevertheless somehow unfair to dismiss their case because, except for the September 24 Order, Plaintiffs were not required to file an amended complaint. But the Ninth Circuit considered and rejected a very similar argument in *Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004). There, the Ninth Circuit considered whether Rule 41(b) dismissals are unfair in these circumstances because, as a general matter, a plaintiff is never required file an amended complaint. *Id.* at 1063 (noting that plaintiff's "considered decision to forego amending her complaint was perfectly proper, and was not sanctionable"). In light of that fact, the Ninth Circuit struck a balance between a plaintiff's right not to amend and the needs of district courts to control their dockets: The court held that Rule 41(b) dismissals are appropriate *only* where, as here, the plaintiff neither filed an amended complaint nor "g[a]ve the court notice of intent not to file an amended complaint." *Id.* at 1065 (internal quotation marks omitted). In these circumstances, where "resources continue to be consumed by a case sitting idly on the court's docket" and the court has no way of knowing what the plaintiff intends to do, a Rule 41(b) dismissal is appropriate. *Id.* On the flip side, the Ninth Circuit also recognized that plaintiffs who do not want to amend their complaint have an easy way to protect against a Rule

41(b) dismissal—they need only communicate to the district court that they do not intend to amend. *Id.* 1064-65. Indeed, Plaintiffs now acknowledge (at 9) that they easily could have—and should have—"notified the Court of their intention … not to file a further amendment in response to the Court's" order. Having failed to do so, Plaintiffs are not entitled to the "extraordinary remedy" of an altered or amended judgment. *Allstate*, 634 F.3d at 1111.

This conclusion is confirmed by the five factors the Ninth Circuit considers in determining whether a Rule 41(b) sanction is proper. This Court considered those five factors before issuing the Rule 41(b) dismissal and concluded that at least three of them support dismissal: (1) "the Court's need to manage its docket"; (2) "the public interest in the expeditious resolution of the litigation require dismissal of this action"; and (3) the unavailability of a less drastic sanctions. Dkt. 90; *see* Pls.' Mot. at 8 (acknowledging that dismissal is appropriate under Rule 41(b) where three factors support dismissal).

This Court's weighing of these factors mirrors the Ninth Circuit's analysis of a materially similar Rule 41(b) dismissal in *Yourish v. California Amplifier* 191 F.3d 983 (9th Cir. 1999). In that case, the Ninth Circuit held that, where the plaintiffs had failed to file an amended complaint or otherwise inform the district court of their intent not to do so, at least three of the five factors "strongly support[ed] dismissal." *Id* at 990. First, the Ninth Circuit deferred to the district court's conclusion that "the public's interest in expeditious resolution of litigation always favors dismissal." *Id.*; *see id.* ("[W]e have previously held that district judges are best situated to decide when delay in a particular case interferes with docket management and the public interest." (internal quotation marks omitted)). Second, the Ninth Circuit held that the district court's need to manage its docket strongly supported dismissal. *Id* at 990-91. And finally, the Ninth Circuit concluded "that the risk of prejudice to [d]efendants" also "strongly support[ed] dismissal." *Id.* at 991. In considering the prejudice to defendants, the Ninth Circuit emphasized that "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend," and that this factor weighed in favor of dismissal because the "[p]laintiffs ha[d] a very poor reason for their default." *Id.*

Plaintiffs also suggest (at 9-10) that their total inaction in response to the September 24 Order was not prejudicial to either Twitter or to this Court's docket because the resulting delay was relatively short. But the delay was short only because the Court took the affirmative step of issuing its dismissal order. Plaintiffs admit (at 4-5) that their plan was to sit back, do nothing, and wait for either the Court or Twitter to do something. That course was particularly prejudicial to both this Court and Twitter because Plaintiffs had affirmatively requested that the Court grant them leave to amend should the Court dismiss any of their claims for any reason. Dkt. 59 at 15. That request was Plaintiffs' last word regarding their intent to amend. Because they never informed the Court (or Twitter) that they had in fact decided not to file any amended complaint, the Court reasonably responded to Plaintiffs' silence by dismissing this case under Rule 41(b) rather than allowing it to linger indefinitely on the Court's docket. *See Edwards*, 356 F.3d at 1065 (holding that Rule 41(b) dismissals are appropriate in cases where "resources continue to be consumed by a case sitting idly on the court's docket" due to the plaintiff's inaction).

## CONCLUSION

Plaintiffs' Motion To Alter or Amend Judgment should be denied.

Dated: December 3, 2018

Respectfully submitted,

/s/ Patrick J. Carome
SETH P. WAXMAN (*pro hac vice*)
seth.waxman@wilmerhale.com
PATRICK J. CAROME (*pro hac vice*)
patrick.carome@wilmerhale.com
ARI HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6800
Facsimile: (202) 663-6363

MARK D. FLANAGAN (CA SBN 130303)
mark.flanagan@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Counsel for Defendant Twitter, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2018, I electronically filed the above document with the clerk of the court using CM/ECF, which will send electronic notification of such filing to all registered counsel.

By: /s/ Patrick J. Carome
Patrick J. Carome