UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE CAMERON CAIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER INC.,<br><br>Defendant. | Case No. 17-cv-02506-JD<br><br>**ORDER RE MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: Dkt. No. 91 |

On September 24, 2018, the Court dismissed without prejudice plaintiffs' federal claims for failure to state a claim, and declined to exercise supplemental jurisdiction over plaintiffs' state law claims. Dkt. No. 89. Dismissal was appropriate because plaintiffs' claims against Twitter under the Anti-Terrorism Act, 18 U.S.C. § 2333, for allegedly facilitating terrorism by giving ISIS a platform for recruiting members and planning attacks were foreclosed by our circuit's decision in *Fields v. Twitter, Inc.*, 881 F.3d 739 (9th Cir. 2018), among other deficiencies. *Id.* The Court gave plaintiffs until October 15, 2018, to file an amended complaint and expressly cautioned that "[f]ailure to amend by this date will result in dismissal under Rule 41(b)." *Id.*

The October deadline came and passed with no action whatsoever by plaintiffs. They did not file an amended complaint, nor did they advise the Court that they intended to stand on the dismissed complaint and perfect an appeal. Consequently, after taking into account the factors set out in *Malone v. United States Postal Service,* 833 F.2d 128, 130 (9th Cir. 1987), the Court dismissed the case with prejudice under Rule 41(b) on October 22, 2018. Dkt. No. 90.

Plaintiffs now ask to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Dkt. No. 91. The motion is denied.

To start, plaintiffs have misconstrued the procedural posture of the case. The Court did not file a separate judgment under Rule 58. An order of dismissal was entered, and if plaintiffs

1    wanted to revisit the order, they should have filed a request for leave to seek reconsideration, or a
2    motion under Rule 60.  A good argument can be made that plaintiffs' request here should be
3    denied on this basis alone.
4           But even if plaintiffs were allowed to proceed under Rule 59(e), they are not entitled to any
5    relief.  Rule 59(e) is an "extraordinary remedy, to be used sparingly."  *Kona Enters., Inc. v. Estate*
6    *of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Rule 59(e) relief "should not be granted, absent
7    highly unusual circumstances, unless the district court is presented with newly discovered
8    evidence, committed clear error, or if there is an intervening change in the controlling law."  *Id.*
9    (internal quotation omitted).
10          No such compelling circumstances are present here.  In essence, plaintiffs say that they
11   construed the Court's deadline to amend as an invitation they were free to ignore, rather than an
12   order that would impose a consequence if not followed.  Dkt. No. 91 at 4.  That argument is
13   wholly implausible.  No reasonable person could read the Court's plain and simple declaratory
14   sentence as anything other than a clear expression of what would happen if plaintiffs did not
15   amend by the deadline, and plaintiffs offer nothing to show that this ordinary meaning was elusive
16   or ambiguous in any way.
17          Plaintiffs' suggestion that the dismissal was a *sua sponte* surprise is also unsupported.  The
18   Court gave plaintiffs a clear and express warning that the case would be dismissed with prejudice
19   if they did not adhere to the amendment deadline.  Dismissal following plaintiffs' total inaction
20   was amply warranted.  Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply
21   with . . . a court order, a defendant may move to dismiss the action or any claim against it."); *see*
22   *also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss
23   *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed
24   not by rule or statute but by the control necessarily vested in courts to manage their own affairs so
25   as to achieve the orderly and expeditious disposition of cases."); *Harris v. Mangum*, 863 F.3d
26   1133, 1142 (9th Cir. 2017) ("When a district court dismisses an action because the plaintiff has
27   not filed an amended complaint after being given leave to do so and has not notified the court of
28   his intention not to file an amended complaint, we may deem the dismissal to be for failure to

United States District Court
Northern District of California

comply with a court order based on Federal Rule of Civil Procedure 41(b)."); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum -- either by amending the complaint or by indicating to the court that it will not do so -- is properly met with the sanction of a Rule 41(b) dismissal.").

Plaintiffs were perfectly free to stand on their pleadings and take an appeal in lieu of amending, but they needed to indicate in a filing that that was their desired course of action. *See Edwards*, 356 F.3d at 1064. They were not free to assume that they could fail to meet a court-ordered deadline with no consequences. Plaintiffs' inaction in response to the Court's order was sufficient grounds for dismissal with prejudice, and no specific findings were required for that beyond the ones in the Court's order, Dkt. No. 90. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[I]t is not required that the district court make explicit findings in order to show that it has considered these factors.") (internal quotation omitted).

**IT IS SO ORDERED.**

Dated: June 25, 2019

JAMES DONATO
United States District Judge